IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CECIL W. MOTON,

    Plaintiff,

v.                                CASE NO.: CV-07-J-1419-S

NATHAN & NATHAN, P.C.

    Defendant.

## MEMORANDUM OPINION

Pending before the court is plaintiff's motion for summary judgment and evidence (doc. 9); plaintiff's memorandum in support of his motion (doc. 10); defendant's motion for summary judgment and evidence (doc. 11); defendant's response in opposition to plaintiff's motion and brief in support of its motion for summary judgment (doc. 12); defendant's request for oral argument (doc. 13); plaintiff's reply in support of his motion (doc. 14); plaintiff's response to defendant's request for oral argument (doc. 15); and plaintiff's memorandum in opposition to defendant's motion for summary judgment (doc. 19).

The court being of the opinion that oral argument would not be of assistance, the defendant's request for oral argument is **DENIED**.

## FACTUAL BACKGROUND

The plaintiff filed this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, based on his receipt of a "dunning" letter from

defendant dated August 11, 2006. Complaint, ¶¶ 1, 8. According to the plaintiff, the August 11, 2006, letter violated §§1692c(a)(2) and 1692g(a) of the FDCPA.[1] The plaintiff alleges that the letter in question failed to include all of the disclosures required by § 1692g(a) and included information which was inconsistent with the disclosures and misleading regarding the plaintiff's rights under the FDCPA. Complaint, ¶ 13(b).

The parties agree to the following facts:

This action is controlled by the FDCPA. The defendant is a law firm engaged in the business of debt collection. The defendant sent a dunning letter to the plaintiff in an attempt to collect a debt allegedly owed by the plaintiff to the Bank of America. The sole dispute before the court is whether the letter in question complied with the requirements of the FDCPA.

The letter contained the following:

> NOTICE: You are indebted to **Bank of America, NA** in the amount set fourth above. Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector. If you notify this law firm within the 30-day period that the debt, or any portion thereof, is disputed, we will mail verification of the debt or a copy of the judgment to you. In addition, and upon your written request within the 30-day period, we will provide you with the name and address of the original

---

[1] The parties have amicably settled the plaintiff's claim under § 1692c(a)(2) and therefore the court considers only the allegations and arguments related to the plaintiff's claim under § 1692g(a).

creditor, if the creditor with whom you dealt is different from the creditor listed above.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Plaintiff's exhibit 1 to plaintiff's complaint.

The relevant section of the United States Code sets forth the following requirements:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

>   [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to

the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  The non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## LEGAL ANALYSIS

The plaintiff argues that the letter in question did not comply with the requirements set forth in 15 U.S.C. § 1692g(a).  The defendant asserts it actually set forth greater rights than those required by the relevant law.  Comparing the requirements of § 1692g(a) and the August 11, 2006, letter, the court finds that the letter is a written notice that does contain the amount of the debt, as required by § 1692g(a)(1).  The name of the creditor to whom the debt is owed is also set forth in the body of the letter, hence § 1692g(a)(2) is satisfied.  The letter contains a statement

that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," thus meeting the requirements of § 1692g(a)(3). Similarly, the language of the August 11, 2006, letter follows the requirements of § 1692g(5), requiring "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." The court finds the plaintiff's arguments otherwise on the above subsections of § 1692(g) to be without merit.

The court finds the parties' dispute on requirement number four of § 1692g(a) to have more merit. That section requires the letter to contain a "statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." The letter informed the plaintiff that "[i]f you notify this law firm within the 30-day period that the debt, or any portion thereof, is disputed, we will mail verification of the debt or a copy of a judgment to you." The court finds this language omitted the phrase "in writing" from the requirement that the consumer notify the debt collector to dispute a debt.

The plaintiff asserts that the lack of the words "in writing" is a "significant modification" of the FDCPA, causing a violation of the FDCPA.[2] Plaintiff's memorandum (doc. 10) at 9. Plaintiff asserts that a debt collector is not required to respond to an oral request for validation of a debt. The defendant argues its language was actually expansive of the plaintiff's rights, as it allowed the plaintiff to obtain the information in question without submitted a written request for the same.

The court finds that the letter lacks the words "in writing" from the sentence informing the plaintiff that he can receive verification of the debt by notifying the defendant of a dispute. The standard for a court to find a violation of the FDCPA is to question how the "least sophisticated consumer" would interpret the notice received from the debt collector. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985). The altered language must not contradict or overshadow other language in the letter which follows the Act.

> The FDCPA requires debt collectors to include a validation notice in the debt collection letter which states that the debtor has 30 days to dispute the debt. *See* 15 U.S.C. § 1692g(a). The validation notice must not be contradicted or overshadowed by other language in the letter. *See Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518 (7th Cir.1997)

---

[2]No evidence has been submitted to the court that the plaintiff actually sought verification of the debt either orally, in writing, or by some other means. Given the lack of evidence that the plaintiff acted on the defendant's lack of the words "in writing," the plaintiff is merely guessing that the defendant would have ignored this request while the defendant is speculating it would have not ignored the same. Likewise, the plaintiff is speculating what would have occurred with regard to 15 U.S.C. § 1692g(b) and the requirement for cessation of collection activities upon receipt of a written request for verification, because there is no evidence that the plaintiff acted on the allegedly misleading information in the letter.

>(citing cases with the same holding from the Second, Third, Fourth, Seventh, and Ninth Circuits). Courts in the Eleventh Circuit use the "least sophisticated consumer" standard when analyzing overshadowing claims. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175-76 (11th Cir.1985). As a general matter, language is overshadowing if it would make the least sophisticated consumer uncertain as to his or her rights. *See Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2nd Cir.1996).

*Shimek v. Weissman, Nowack, Curry & Wilco, P.C.,* 323 F.Supp.2d 1344, 1349 (N.D.Ga.2003).  However, "[e]ven the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id., citing Clomon v. Jackson,* 988 F.2d 1314, 1319 (2nd Cir.1993). *Clomon* further recognized a responsibility of courts to balance the need to protect consumers against the need to shelter debt collectors "against liability for unreasonable misinterpretations of collection notices." *Clomon,* 988 F.2d at 1319 (stating that the FDCPA "does not extend to every bizarre or idiosyncratic interpretation" of a collection notice").

The FDCPA states that a notice such as the letter sent to the plaintiff must inform a consumer that a request for verification must be written.  In examining this issue, one District Court stated:

>WEMED's validation notice only requires the consumer to notify the firm that she disputes the debt or requests the name and address of the original creditor. The letter does not mention that the notice be in writing. Any consumer, not simply the least sophisticated consumer, who read this letter would not know that to secure her right to obtain

> verification of the debt and the identity of the original creditor, her dispute of the debt and request for the identity of the original creditor must be in writing. A consumer could certainly interpret this letter to mean that she could obtain verification of the debt or the identity of the original creditor by calling ... the telephone number provided on the letter. Of course, this is the not the case. *See* 15 U.S.C. §§ 1692g(a)(4), (a)(5). Without a statement that these requests must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, see *Savino*, 164 F.3d at 85; *Russell*, 74 F.3d at 35, she is completely unaware of them.

*Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 340 (E.D.N.Y.2002).

Just as here, the defendant in *Grief* argued that had the plaintiff called, it would have provided all the rights and protections of the FDCPA. *Id.* That Court concluded that the lack of the words "in writing" constituted a violation of the FDCPA, regardless of the defendant's good intentions. *Id.,* at 340-341. Similarly, the Court in *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736 (N.D.Ill.2003), found a violation of the Act in the same circumstances, noting that the FDCPA is a strict liability statute and therefore the defendant's intentions in omitting the words "in writing" did not matter. *Id.*, 272 F.Supp.2d at 742-743.

The defendant argues that, even if the omission of the words "in writing" from the sentence in question was a violation of the act, such violation was nothing more than an unintentional and bona fide error. Debt collectors are shielded from liability

for violations resulting from bona fide errors pursuant to 15 U.S.C. § 1692k(c), which provides: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error."

The court finds that the bona fide error exception does not apply here to protect the defendant. Although the defendant argues it omitted the words "in writing" unintentionally, the court finds that the final portion of the letter sent refutes any such argument. The final portion of the letter provides three "check box" options to a consumer: (1) a statement payment was previously mailed; (2) a statement payment in full is enclosed; and (3) a statement that someone from defendant's office should call the consumer, complete with blanks to fill in daytime and nighttime phone numbers. *See* plaintiff's exhibit 1. Such options clearly create an impression that an individual can exercise their right to dispute a debt by telephone.

Given the foregoing, the court finds that the defendant violated the FDCPA, and that the plaintiff is entitled to have and recover from the defendant the sum of one thousand dollars ($1,000.00) in statutory damages for said violation, in accordance with 15 U.S.C. § 1692k. However, the court also finds no evidence that the plaintiff was misled by the defendant's faulty notice, or any evidence that the plaintiff availed

himself of the notice and contacted the defendant.  Rather, this action is based on hypothetical arguments about what may have happened had the proverbial "least sophisticated consumer" been led astray by the faulty notice.  There is no evidence before the court that the plaintiff did or did not owe this debt, pay this debt, contest this debt or take any other action on the debt in question.  Additionally, the plaintiff does not claim any actual damages due to the defendant's actions.  In fact, there is no evidence before the court that this plaintiff was harmed in anyway by the defendant's actions.[3]

Pursuant to statute, the plaintiff is entitled to recover the statutory amount for one violation of the FDCPA, "together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The FDCPA also directs the court that "[i]n determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional...." 15 U.S.C. § 1692k(b). Given these guidelines, the court notes that the plaintiff established a sole violation

---

[3]The plaintiff did not even hire a lawyer due to the faulty notice.  Rather, the complaint asserts that in the Spring of 2006, the plaintiff's wife hired plaintiff's current counsel regarding money plaintiff allegedly owed to Bank of America under a credit card agreement. See complaint, ¶ 5.

of the FDCPA.  The plaintiff had no evidence that the defendant omitted the words "in writing" from every notice, that the defendant has ever been notified of its omission, or that such omission was intentional.  At best, the plaintiff has established a de minimus violation of the Act.

## CONCLUSION

It is therefore **ORDERED** by the court that the plaintiff's motion for summary judgment be and hereby is **GRANTED** as the court finds no genuine issue of material fact remains in the case and that the plaintiff is entitled to judgment in his favor as a matter of law.  It is further **ORDERED** by the court that the defendant's motion for summary judgment is **DENIED**.

Given the requirement of statutory damages and attorney fees for violations of the FDCPA, the court awards the plaintiff $1,000.00 for the one established violation of the Act.  *See* 15 U.S.C. § 1692k(a)(2).  The court further awards the plaintiff the sum of $500.00 as a reasonable attorney's fee and costs.  Therefore, the court shall enter judgment in favor of the plaintiff and against the defendant in the sum of $1,500.00, by separate Order.

**DONE** and **ORDERED** this the 5th day of <u>March</u>, 2008.

INGE PRYTZ JOHNSON<br>
U.S. DISTRICT JUDGE